PER CURIAM.
 

 Appellants, Maria A. Zayas-Hood and Maria C. Graves, appeal an order suspending a prior order that compelled payment of their claim against the estate of Appel-lees’ mother and granting Appellees’ motion for an extension of time to file an objection to the claim. We agree with Appellants that the trial court lacked authority to relieve Appellees from the order compelling payment of the claim. Section 733.705(2), Florida Statutes, providing that a court may extend the time for filing or serving an objection to a claim against an estate, does not address a situation where an order has been entered compelling payment of a claim. We also agree with Appellants that Florida Rule of Civil Procedure 1.540 was not available to relieve Appellees from the order compelling payment. Florida Probate Rule 5.010 provides that “[t]he Florida Rules of Civil Procedure apply only as provided herein.” Neither rule 5.490, the probate rule addressing the form and manner of presenting claims against an estate, nor rule 5.496, the probate rule addressing the form and manner of objecting to claims, makes any mention of the Rules of Civil Procedure. Moreover, while rule 5.025 provides that the Rules of Civil Procedure apply in adversarial probate proceedings, the proceeding at issue was not a “specific adversary proceeding” pursuant to rule 5.025(a). Nor had it been declared an adversary proceeding pursuant to rule 5.025(b) or (c) when the order compelling payment was entered.
 

 
 *627
 
 Accordingly, we REVERSE and REMAND.
 

 DAVIS, PADOVANO, and LEWIS, JJ., concur.